IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    HOLLY TRYON, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| v. | ) | CIV-16- 0382-HE |
| | ) | |
| 1.    L & J ACQUISITIONS, LLC d/b/a | ) | |
|         BATTISON HONDA, | ) | |
| | ) | **ATTORNEY LIEN CLAIMED** |
|         Defendant. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Holly Tryon, and for her Complaint in the above-entitled action, alleges and states as follows:

**PARTIES**

1. Plaintiff, Holly Tryon, is an adult female who resides in Canadian County, Oklahoma.

2. Defendant is L & J Acquisitions, LLC, d/b/a Battison Honda, an entity doing business in Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of gender discrimination, sexual harassment, creation of a sexually hostile work environment, and retaliation in violation of Title VII.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

1

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Plaintiff was hired with Defendant in or around May 2015 as a Delivery Driver in the Parts Department.

7. Plaintiff's job performance throughout her employment was at least satisfactory.

8. From the outset of her employment, it was clear that Plaintiff's male co-workers did not like working with Plaintiff because she was a woman. Plaintiff was the only female in the Parts Department and the first female Delivery Driver. Her co-workers commented about their "new pretty little Delivery Driver" and joked about the fact that a woman was working in Parts. Her male co-workers further harassed Plaintiff by refusing to assist her with pulling parts. For instance, Parts Counter employee Randy Schmidt dropped parts on the floor for Plaintiff to pick up, rather than handing them to Plaintiff.

9. Moreover, Plaintiff was subjected to offensive and unwelcome sexual comments by male co-workers in the presence of management. For instance, Parts Counter representative Greg Cantwell told Plaintiff to "grab Randy (Schimdt) by the head and make him suck [Plaintiff's] c**k." Cantwell also suggestively removed lids for markers while

making sexual moans and groans. On another occasion, Cantwell asked Schmidt, in Plaintiff's presence, if Schmidt was "gonna go home and eat [his] wife's p***y." Plaintiff was highly offended by such comments and asked Cantwell to stop making such offensive comments in her presence. However, the comments continued.

10. Defendant's management, including but not limited to Assistant Manager Allan O'Gwynn, was aware of the unwelcome and offensive gender-related comments. However, no remedial action was taken and the offensive gender and sexual comments did not stop.

11. Moreover, Plaintiff told O'Gwynn and Parts Department Manager Matt Eads about the male Parts Counter employees' refusal to pull parts for Plaintiff, resulting in longer delivery times, and Schmidt's negative treatment. In response, O'Gwynn merely told Plaintiff to avoid Schmidt or not speak to him.

12. Due to the severe and pervasive nature of such comments and disparate treatment, Plaintiff complained to Ann Huntington in Human Resources in September 2015. And, on or about September 17, 2015, Plaintiff met with Huntington, Office Manager Brenda Jackson, and the "Jim Norton Toyota General Manager" Artie Brylev.[1] During the meeting, Plaintiff complained about the negative treatment she was receiving due to her gender. She complained about the sexually hostile work environment, including but not limited to Cantwell's statements and the male employees' refusal to assist Plaintiff in pulling parts.

13. Eads and O'Gwynn treated Plaintiff differently following Plaintiff's protected

---

[1] Upon information and belief, Jim Norton Toyota is owned by Defendant.

3

complaint. For instance, Eads and O'Gwynn ignored Plaintiff and would not talk to Plaintiff while she was at the dealership. If Plaintiff was spoken to, Eads and O'Gwynn did not speak in the friendly tone which they had used prior to Plaintiff's internal complaint.

14. On or about September 29, 2015, within days of the meeting, Eads wrote Plaintiff up. Plaintiff had not previously been disciplined. Eads alleged the reason for discipline was Plaintiff's absences, identifying absences dating back to June 2015. Eads further referenced time Plaintiff had taken off for a surgery in or around August 2015, which Eads had previously approved. Significantly, Plaintiff had made up for some of her absences by working on the weekends.

15. Based on Eads' statements during this meeting and those contained within the write-up, Plaintiff believed that she would be terminated shortly thereafter.

16. Such discipline was retaliation for Plaintiff's protected complaints regarding gender discrimination and sexual harassment.

17. As a result of the retaliation and continued harassment, Plaintiff was forced from her job on or about October 6, 2015.

18. Upon information and belief, Plaintiff was replaced by a male.

19. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I

For her first cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows.

20. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination, the creation of a hostile work environment, and retaliation for her complaints of the same.

21. Plaintiff is entitled to relief under Title VII because she is female, was qualified for her job, was retaliated against through disciplinary action, constructively discharged, and her position was not eliminated thereafter.

22. Plaintiff is further entitled to relief because she was subjected to unwelcome harassment based on her sex and, due to the harassment's severity and pervasiveness, the harassment altered a term, condition or privilege of her employment and created an abusive work environment.

23. Plaintiff is further entitled to relief under Title VII because she engaged in a protected activity by lodging complaints of gender discrimination, sexual harassment and a sexually hostile work environment, she suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

24. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

25. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided

alleges and states as follows.

20. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender discrimination, the creation of a hostile work environment, and retaliation for her complaints of the same.

21. Plaintiff is entitled to relief under Title VII because she is female, was qualified for her job, was retaliated against through disciplinary action, constructively discharged, and her position was not eliminated thereafter.

22. Plaintiff is further entitled to relief because she was subjected to unwelcome harassment based on her sex and, due to the harassment's severity and pervasiveness, the harassment altered a term, condition or privilege of her employment and created an abusive work environment.

23. Plaintiff is further entitled to relief under Title VII because she engaged in a protected activity by lodging complaints of gender discrimination, sexual harassment and a sexually hostile work environment, she suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

24. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

25. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided

by the Civil Rights Act of 1991.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, liquidated damages, and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 18th DAY OF APRIL, 2016.**

    s/Jana B. Leonard
    JANA B. LEONARD, OBA# 17844
    LAUREN W. JOHNSTON, OBA #22341
    LEONARD & ASSOCIATES, P.L.L.C.
    8265 S. WALKER
    OKLAHOMA CITY, OK 73139
    (405) 239-3800     (telephone)
    (405) 239-3801     (facsimile)
    leonardjb@leonardlaw.net
    johnstonlw@leonardlaw.net

    JURY TRIAL DEMANDED
    ATTORNEY LIEN CLAIMED